IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kathy S. Motts, | ) | C/A No.: 4:06-0005-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On May 31, 2007, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response on June 18, 2007, indicating that she opposes the plaintiff's request for fees on the basis that the defendant's position was substantially justified in the case. The Commissioner apparently does not contest the manner of calculation of the requested attorney's fees.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "The EAJA was enacted to address Congress' concerns with civil actions in which the government is litigating against private parties whose resources are substantially outweighed by those of the government. . . It was anticipated that, by providing a mechanism for leveling the playing field, not only would access by private litigants to the courts and administrative proceedings be facilitated, but also the public interest would be served by insuring, through a more balanced adversarial process, that only reasonable governmental positions on policy and rules would be enforced." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 138 (4th

Cir. 1993).

The standard to be applied in determining whether the Commissioner was "substantially justified", for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984). "In the district court, the government has the burden of showing substantial justification." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions on the various subsidiary disputes that may arise during litigation.

Id. (internal citations omitted).

In the case at bar, the plaintiff asserts that the decision of the Commissioner which is without substantial justification is the failure by the Appeals Council to properly indicate why the new evidence presented to it (medical treating notes of Dr. Richard Ruffing dated February 8, 2005 through May 20, 2005 and a questionnaire completed by Dr. Ruffing dated May 24, 2005) was not a sufficient basis to revise the decision of the ALJ. Although unpublished case law from the Fourth Circuit[1] does not require the Appeals Council to provide detailed reasons for finding the evidence does not support a change in the ALJ's decision, the Court believes that the totality of the circumstances of the case

---

[1] Hollar v. Commissioner, 194 F.3d 1304 (4th Cir. 1999) and Freeman v. Halter, 15 Fed. Appx. 87 (4th Cir. 2001).

supports an award of attorney's fees. The office notes of Dr. Ruffing indicate that the plaintiff weighed 344 pounds and suffered from many physical problems. Other experts had already opined that the plaintiff was unable to be gainfully employed. However, the Appeals Counsel did not address the office notes at all other than to say that they did not require any change to the ALJ decision. The Court believes that, under the totality of the circumstances, it is appropriate to award attorney's fees under the applicable standards enunciated above.

Based on the foregoing and after considering the briefs and materials submitted by both parties, the court orders the defendant to pay the plaintiff's attorney the sum of $4093.62 in attorney's fees.[2] In addition, the court orders the defendant to reimburse the plaintiff (by payment to the plaintiff's attorney) the amount of $250.00 in costs. The total award of attorney's fees and costs is $4343.62.[3]

---

[2] This figure represents the amount of fees initially requested as noted by the defendant's response (Docket Entry #17) and an additional amount for the preparation of the Reply Brief. Plaintiff seeks $1698.06 in fees related to preparation of the Reply Brief, which is based on 10.3 hours at $164.86 per hour. The Court notes that only two pages of the brief is devoted to the substantial justification argument, while the majority of the remaining fifteen pages concerns whether payment should be to the attorney or the client. The Court finds that three hours of attorney time is a reasonable amount of time for preparation of the Reply Brief.

[3] The government contends that if an attorney's fee is awarded by the Court, it should be payable to the plaintiff and not to her attorney. Plaintiff contends that the government has established a direct deposit system for payment of EAJA fees and that the government is simply attempting to be in a position to seize the attorney's fee for debts of the plaintiff. The Court agrees with the plaintiff that the EAJA fee should be paid directly to the attorney, although it is made on behalf of the party. However, the plaintiff's attorney should note that, if he is awarded fees at a later time under Section 406(b), then he will be required to reimburse the plaintiff for the amount of the fees received under EAJA.

**IT IS SO ORDERED**.

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

January 30, 2008
Florence, South Carolina